## (June 18, 1980)

■ FLUSHING SAVINGS BANK, Respondent, v R. G. R. ASSOCIATES et al., Defendants, and A. H. SALKOWITZ et al., Appellants.—In an action to foreclose a second mortgage, defendant A. H. Salkowitz and James C. Gherardi (as a partner of R. G. R. Associates) separately appeal from (1) an order of the Supreme Court, Kings County, dated December 14, 1979, which, *inter alia,* (a) denied Gherardi's motion to amend his answer to include the affirmative defense of champerty pursuant to section 489 of the Judiciary Law, (b) vacated Salkowitz' mechanic's lien on the ground that Salkowitz failed to establish that the lien was filed within the four-month period of limitation set forth in section 10 of the Lien Law, and (c) granted plaintiff's motion for summary judgment, and (2) a judgment of foreclosure and sale of

the same court, dated March 14, 1980. Appeal from the order dated December 14, 1979, dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment dated March 14, 1980, affirmed. The plaintiff is awarded one bill of $50 costs and disbursements payable jointly by the appellants. Special Term properly denied Gherardi's motion to amend the answer to add the defense of champerty. Plaintiff is a "moneyed corporation" (see General Construction Law, § 66, subd 9; Banking Law, § 229, subd 1), authorized to do business in the State of New York, and therefore is exempt from the application of section 489 of the Judiciary Law, which provides, in pertinent part: "Nothing herein contained shall affect any assignment heretofore or hereafter taken by any moneyed corporation authorized to do business in the state of New York or its nominee pursuant to a subrogation agreement or a salvage operation". We construe the foregoing language to mean that section 489 does not apply to an assignment to a "moneyed corporation" authorized to do business in New York. It is only where the assignment is made to the nominee of such a moneyed corporation that it must be shown that the assignment was pursuant to a subrogation agreement or salvage operation. In this case the assignee is the moneyed corporation itself and not a nominee. Accordingly, the issue of whether the assignment was made pursuant to a subrogation agreement or salvage operation is irrelevant. We have considered appellants' other contentions and find them to be without merit. Hopkins, J. P., Damiani, Titone and Lazer, JJ., concur.