■ CIC International, Ltd., et al., Appellants, v Citibank National Association, Respondent.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about June 16, 1989, denying plaintiffs' motion to dismiss defendant's counterclaim and granting defendant's cross motion for a default judgment on the counterclaim, unanimously affirmed, with costs.

Plaintiffs' action against Citibank for failure to pay on a letter of credit in connection with a sale of goods between plaintiff CIC and Citibank's assignor is still pending in Supreme Court. When Citibank asserted its assignor's claim for the delivery of nonconforming goods as a counterclaim, pursuant to leave of the court in an order entered on or about September 1, 1988 (Tyler, J.), plaintiffs failed to prosecute their appeal from that order or reply to the counterclaim. Thus, when plaintiffs sought to dismiss the counterclaim on

various grounds, none of which had merit, the court committed no error in granting Citibank's cross motion for a default judgment.

We reject the arguments made by plaintiffs on appeal with respect to the sufficiency of the counterclaim pleading to the extent these arguments were preserved for review. The counterclaim gave sufficient notice of the transaction out of which it arose (CPLR 3013); the counterclaim did not constitute a claim against CIC as a mere "nominal plaintiff", since CIC allegedly delivered nonconforming goods (CPLR 3019 [c]), and any ambiguity with respect to the demand for relief may be resolved upon the assessment of damages, as directed by the order appealed from. Plaintiffs' argument based upon champerty (Judiciary Law § 489) is without merit since Citibank is a " 'moneyed corporation' " exempt therefrom. *(Flushing Sav. Bank v R. G. R. Assocs.,* 76 AD2d 893, 894.) Plaintiffs' remaining arguments have been considered and found meritless. Concur—Kupferman, J. P., Sullivan, Asch, Wallach and Smith, JJ.